## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARLON D. HARGIS, JR.,          :
                                :    Civil Action No. 10-695 (JBS)
            Petitioner,         :
                                :
       v.                       :    **OPINION**
                                :
CPT. COHEN, et al.,             :
                                :
            Respondents.        :


**APPEARANCES:**

    **MARLON D. HARGIS,** Petitioner <u>pro</u> <u>se</u>
    #177513
    Atlantic County Justice Facility
    5060 Mays Landing Avenue
    Mays landing, New Jersey 08330

**SIMANDLE,** District Judge

    This matter is before the court pursuant to a petition for a
writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner
Marlon D. Hargis ("Hargis"), on or about February 9, 2010.  The
named respondents are Captain Cohen and the Attorney General of
the State of New Jersey.  Petitioner failed to pay the $5.00
filing fee, or submit a complete application to proceed <u>in</u> <u>forma</u>
<u>pauperis</u>.[1]

---

    [1]  It appears that Petitioner's affidavit of indigency was
not sent with the remainder of his application for <u>in</u> <u>forma</u>
<u>pauperis</u> ("IFP"), or perhaps misplaced when submitting this
habeas petition.  Petitioner did submit his institutional account
statement and a trust account certification form signed by an
authorized officer of the jail where Petitioner is confined.
Consequently, the Court will grant the IFP application in this
instance because it appears that Petitioner qualifies for
indigent status.

## I.  BACKGROUND

According to the allegations contained in the petition, Hargis alleges that he was arrested without probable cause on August 12, 2009.[2]  Hargis claims that he did not receive a probable cause hearing.

Hargis also alleges that his bail was set at $500,000.00, which he claims is excessive because he is not a flight risk and because the crimes for which he is charged are second and third degree offenses.

Hargis does not allege that he has raised any of these claims in his pending state court criminal proceedings.  He asks for his immediate release and dismissal of the state criminal charges.

## II.  ANALYSIS

### A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[2]  Hargis attaches four arrest warrants to his petition, which show that he was arrested for several weapons offenses, namely, possession of a handgun without a permit, possession of a fully loaded Taurus PT-40 40-caliber pistol, possession of a fully loaded Keltic P11 9mm pistol, possession of a fully loaded Beretta 9mm caliber pistol, and possession of two rounds of hollow nose bullets loaded in each pistol referenced above.

Hargis brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Jurisdictional Issue

Federal courts do have jurisdiction, under 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding.  Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  Addressing whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the United States Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing

of the need for such adjudication and has exhausted
state remedies.

Id. at 443.

Here, Hargis seeks to have his state court criminal charges
dismissed by this federal court on claims of false arrest without
probable cause and excessive bail.  Hargis has not alleged that
he has exhausted his state remedies in this regard.  Indeed, it
is apparent from his petition that he has not raised these claims
at all in his pending state criminal proceedings.  Furthermore,
Hargis does not allege any "extraordinary circumstances" that
would justify intervention by a federal court.  See Moore, 515
F.2d at 445-46 (there is nothing in the nature of the speedy
trial right that qualifies it as a per se "extraordinary
circumstance").  As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed
> denial of the right to a speedy trial during his state trial
> and in any subsequent appellate proceedings in the state
> courts.  Once he has exhausted state court remedies, the
> federal courts will, of course, be open to him, if need be,
> to entertain any petition for habeas corpus relief which may
> be presented.  These procedures amply serve to protect
> [Petitioner]'s constitutional rights without pre-trial
> federal intervention in the orderly functioning of state
> criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937
F.2d 293, 296-97 (7th Cir.1991); Dickerson v. State of Louisiana,
816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956
(1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th
Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of

4

Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U .S. 1014

(1980).  See also Younger v. Harris, 401 U.S. 37

(1971)(constitutional challenges must be raised in pending state

criminal cases; a federal court generally will not intercede to

consider issues that plaintiffs have an opportunity to raise

before the state court).[3]

   Hargis has an opportunity to litigate his claims in state

court that there was no probable cause for his arrest and that

his bail is excessive.  Therefore, because Hargis has failed to

_____

   [3]   The United States Court of Appeals for the Third
Circuit has enunciated three requirements that must be met before
the Younger abstention may be invoked:
      (1) there are ongoing state proceedings that are judicial in
      nature; (2) the state proceedings implicate important state
      interests; and (3) the state proceedings afford an adequate
      opportunity to raise federal claims.  Whenever all three of
      these requirements are satisfied, abstention is appropriate
      absent a showing of bad faith prosecution, harassment, or a
      patently unconstitutional rule that will cause irreparable
      injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and
New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992)(citing
Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).  Here,
Hargis' criminal proceedings are pending; thus, state proceedings
implicating important state interests are ongoing and Hargis has
the opportunity to raise his false arrest without probable cause
claim, as well as his excessive bail claim in his state
proceedings.  Accordingly, this Court is constrained by Younger
to dismiss these claims without prejudice.
   Moreover, if Hargis is eventually convicted of the alleged
charges in his now-pending state criminal trials, he must first
exhaust his state court remedies by direct appeal or other
available state court review, and then, if appropriate, file a
federal habeas application to assert any violations of federal
constitutional or statutory law.  Preiser v. Rodriquez, 411 U.S.
475 (1973).

exhaust these claims before the New Jersey state courts, and given the complete absence of any "exceptional circumstances" that would justify federal intervention in Hargis' pending state proceedings, this Court finds that the petition must be dismissed without prejudice at this time.

If Hargis were a convicted prisoner, which he clearly is not as admitted in his petition, his claims would be construed as an attack on his state court conviction, which is actionable under 28 U.S.C. § 2254, as asserted by Hargis here.  However, § 2254 habeas petitions require exhaustion of state court remedies before proceeding in federal court.  Here, it is apparent from the face of the petition, and petitioner's admission, that he has not been convicted or sentenced.  Moreover, Hargis has not demonstrated that there is an absence of available state corrective processes before proceeding in this federal court. See 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001).  Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose, 455 U.S. at 516-18, and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1217 (April 24,

1996).  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v.. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

Therefore, where Hargis has failed to exhaust his state court remedies before bringing this federal habeas petition under § 2254, his petition must be dismissed without prejudice.

III.  <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that Hargis has failed to exhaust his state remedies and that he has not alleged facts demonstrating "extraordinary circumstances" that would justify pretrial intervention in Hargis' pending state criminal matters.  Accordingly, no certificate of appealability will issue.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, the petition for habeas relief under either 28 U.S.C. § 2254 (as asserted by Hargis) or 28 U.S.C. § 2241 (as more properly construed by this Court) will be dismissed without prejudice.  This Court makes no determination as to the merits of petitioner's claims.  No certificate of appealability will issue.  An appropriate Order follows.

 s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

DATED:  **May 18, 2010**

8